IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MARK BROWN | § | |
| v. | § | CIVIL ACTION NO. 9:07cv304 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Petitioner Mark Brown, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Brown complains of a seven-year sentence which he received in 1998 for the offense of assault on a correctional officer. He says that he received ineffective assistance of counsel and that the judge improperly found facts which increased the term of his punishment, although he did not make clear what facts were so found. Brown is serving a 99-year sentence for aggravated robbery with a deadly weapon as well as the challenged seven-year sentence.

On January 8, 2008, the Magistrate Judge issued a Report recommending that the petition be dismissed because of the expiration of the statute of limitations. Brown filed objections to this Report on January 22, 2008.

In his objections, Brown indicates that he does not believe that the limitations period applies to him, saying that an illegal sentencing by a state judge may be challenged at any time because of the extraordinary circumstance of ineffective assistance of counsel. He appears to state that the fact found by the judge was the fact that he was already incarcerated for a previous offense, which caused his seven-year sentence to run consecutively to the 99-year sentence he was already serving. He

argues that the limitations period should not apply in a case of unreasonably harsh sentences. Furthermore, Brown contends that the limitations period should not apply because his case is based on Cunningham v. California, 127 S.Ct. 856 (2007), which he could not have discovered in 1998.

In Cunningham, the Supreme Court held that California's determinate sentencing law, which permitted the judge and not the jury to find facts exposing the defendant to an upper-term sentence, was a violation of the right to trial by jury. In the California sentencing scheme, offenses are given three precise terms of imprisonment - for example, a particular offense may carry a sentence of "six, 12, or 16 years." The California Penal Code requires that the middle sentence be imposed unless mitigating or aggravating factors are found. These findings were made by the trial judge. The Supreme Court held that it was improper for the judge to make such findings because of the violation of the right to trial by jury.

It is apparent that Cunningham, construing as it does the unique California penal code, is not applicable to Brown's case. Furthermore, Cunningham relies on the broader rule set out in Apprendi v. New Jersey, 120 S.Ct. 2348 (2000). In that case, the Court held that other than a prior conviction, any fact that authorizes the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt. Apprendi, 120 S.Ct. at 2362-63.

Even were this a rule of law newly announced in 2000, Brown's limitations period would have began to run at that time, and would still have expired long before he filed this lawsuit. More pertinently, Brown has not shown that the rule set out in Apprendi and Cunningham is applicable to his case; he has not shown what fact that the judge found which increased his sentence, other than the fact that he had been previously convicted and was serving a sentence at the time of the commission of the present offense, which fact is specifically excluded by Apprendi. Brown's seven-year sentence was made to run consecutively because he was serving a sentence in a correctional institution; the Texas Code of Criminal Procedure mandates that if a defendant is sentence for an offense committed while he was imprisoned, and he had not completed the sentence he was serving at the time of the offense, the judge shall order the sentence for the subsequent offense to commence

immediately upon completion of the sentence for the original offense.  Tex. Code Crim. Pro. art. 42.08(b).  Brown has not shown that the trial judge improperly found any fact which increased his sentence or made it more harsh, nor that the Magistrate Judge was incorrect in concluding that his petition is barred by the statute of limitations.  Brown's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit.  It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice.  It is further

ORDERED that the Petitioner Mark Brown is hereby DENIED a certificate of appealability *sua sponte*.  Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED** this the 8 day of **February, 2008.**

_____
Thad Heartfield
United States District Judge